United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 20-10456-elf
Steven G. Hurley                                                      Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Belinda              Page 1 of 1              Date Rcvd: Apr 14, 2020
                              Form ID: 309I              Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 16, 2020.
```
db             +Steven G. Hurley,    7 Madison Road,    Willow Grove, PA 19090-3032
14457011       +AT&T,   One AT&T Way, Suite 3A104,    Bedminster, NJ 07921-2694
14457014       +Midfirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
14491354       +U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, ET. AL.,     c/o MidFirst Bank,
                 999 Northwest Grand Boulevard,    Oklahoma City, OK 73118-6051
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty             E-mail/Text: support@ymalaw.com Apr 15 2020 04:39:37     PAUL H. YOUNG,
                 Young, Marr & Associates,    3554 Hulmeville Road,    Suite 102,   Bensalem, PA  19020
tr             +E-mail/Text: bncnotice@ph13trustee.com Apr 15 2020 04:40:34      WILLIAM C. MILLER, Esq.,
                 Chapter 13 Trustee,    P.O. Box 1229,   Philadelphia, PA 19105-1229
smg             E-mail/Text: megan.harper@phila.gov Apr 15 2020 04:40:25     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Apr 15 2020 04:40:17     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
ust            +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Apr 15 2020 04:40:09     United States Trustee,
                 Office of the U.S. Trustee,    200 Chestnut Street,   Suite 502,    Philadelphia, PA 19106-2908
14457012       +E-mail/Text: bankruptcy@cavps.com Apr 15 2020 04:40:15     Cavalry SPV I, LLC,
                 500 Summit Lake Drive,    Suite 400,   Valhalla, NY 10595-2321
14457013        E-mail/PDF: resurgentbknotifications@resurgent.com Apr 15 2020 04:42:16      LVNV Funding, LLC,
                 c/o Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
14457016        EDI: PRA.COM Apr 15 2020 08:28:00      Portfolio Recovery Associates,    PO Box 41067,
                 Norfolk, VA 23541
14457015        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 15 2020 04:40:05
                 Pennsylvania Department of Revenue,    Bankruptcy Division,   PO Box 280946,
                 Harrisburg, PA 17128-0946
14457017       +EDI: JEFFERSONCAP.COM Apr 15 2020 08:28:00      Premier Bankcard LLC,
                 Jefferson Capital Systems, LLC,    PO Box 7999,   Saint Cloud, MN 56302-7999
14457018       +EDI: VERIZONCOMB.COM Apr 15 2020 08:28:00      Verizon,   500 Technology Dr,
                 Weldon Spring, MO 63304-2225
                                                                                                TOTAL: 11

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*           +WILLIAM C. MILLER, Esq.,    Chapter 13 Trustee,   P.O. Box 1229,    Philadelphia, PA 19105-1229
smg*            Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
                                                                                   TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 16, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 14, 2020 at the address(es) listed below:
```
              PAUL H. YOUNG    on behalf of Debtor Steven G. Hurley support@ymalaw.com, ykaecf@gmail.com,
               paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com
              REBECCA ANN SOLARZ    on behalf of Creditor    WELLS FARGO MASTER SERVICING bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    MidFirst Bank as servicer for U.S. BANK NATIONAL
               ASSOCIATION AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE CITIGROUP MORTGAGE LOAN TRUST INC.
               ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-FX1 bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.   on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                              TOTAL: 6
```

| **Information to identify the case:** | | | | | |
|---|---|---|---|---|---|
| Debtor 1 | **Steven G. Hurley** | | | Social Security number or ITIN | xxx–xx–6229 |
| | First Name | Middle Name | Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | | | Social Security number or ITIN | _ _ _ _ |
| | First Name | Middle Name | Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | | Date case filed for chapter 13 | 1/24/20 |
| Case number: | **20–10456–elf** | | | | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case    12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Steven G. Hurley | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 7 Madison Road<br>Willow Grove, PA 19090 | |
| 4. | **Debtor's attorney**<br>Name and address | PAUL H. YOUNG<br>Young, Marr & Associates<br>3554 Hulmeville Road<br>Suite 102<br>Bensalem, PA 19020 | Contact phone (215) 639–5297<br><br>Email: support@ymalaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | WILLIAM C. MILLER, Esq.<br>Chapter 13 Trustee<br>P.O. Box 1229<br>Philadelphia, PA 19105 | Contact phone 215–627–1377<br><br>Email: ecfemails@ph13trustee.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 900 Market Street<br>Suite 400<br>Philadelphia, PA 19107 | Hours open:<br>Philadelphia Office –– 8:30 A.M. to 5:00 P.M;<br>Reading Office –– 8:00 A.M. to 4:30 P.M.<br><br>Contact phone (215)408–2800<br><br>Date: 4/14/20 |

**\*\*AMENDED MEETING NOTICE DUE TO CHANGE IN LOCATION\*\***

**For more information, see page 2**

Official Form 309I                **Notice of Chapter 13 Bankruptcy Case**                page 1

Debtor **Steven G. Hurley** — Case number **20–10456–elf**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **May 4, 2020 at 01:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>**The Mtg of Creditors will be conducted, via telephonic conference. All interested, parties shall contact the Trustee, for connection details** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 6/14/20** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 4/3/20** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 7/22/20** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. This plan proposes payment to the trustee of $1590.00 per month for 60 months. The plan is enclosed. The hearing on confirmation will be held on:<br>**5/5/20** at **10:00 AM**, Location: **Courtroom #1, 900 Market Street, Philadelphia, PA 19107** | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |